```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 09-14179-Civ-MOORE
                                    (04-14065-Cr-MOORE)
                            MAGISTRATE JUDGE P. A. WHITE

TYRONE DAVID SCOTT,        :

        Movant,            :

v.                         :         REPORT OF
                                     MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

        Respondent.        :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for possession with intent to distribute in excess of five grams of cocaine base entered following a guilty plea entered following a jury verdict in case no. 04-14065-Cr-Moore.

The Court has reviewed the motion (Cv-DE#1) with supporting memorandum (Cv-DE#2), the government's response with multiple exhibits (Cv-DE#11), the movant's reply (Cv-DE#15), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## Procedural History

Briefly, the procedural history of the underlying criminal case reveals that the movant was charged by Indictment two counts of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §841(a)(1) (Counts 1-2). (Cr-DE#5). On February 28, 2005, the movant entered into a negotiated written plea agreement, agreeing to plead guilty to

Count 2). (Cr-DE#37). Pursuant to the terms of the negotiated written plea agreement, the movant acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. (Id.:1-2). The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence. (Id.:2). The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. (Id.). Rather, the court was permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence. (Id.). The movant also understood that he faced a statutory minimum of five years and up to a maximum of 40 years in prison. (Id.:3).

In exchange, the government agreed to dismiss Count 1 after sentencing. (Id.:1). The government further agreed to recommend that the movant's base offense level be reduced up to three levels based on the movant's timely acceptance of responsibility. (Id.:2).

Prior to sentencing, a PSI was prepared which reveals as follows. The PSI calculated the petitioner's base offense level at 26, pursuant to U.S.S.G. §2D1.1(a)(3), for an offense involving at least five grams but less than 20 grams of cocaine base. (PSI ¶14). However, pursuant to U.S.S.G. §4B1.1(a), the probation officer determined that the movant qualified for an enhanced sentence as a career offender because he was at least 18 years old at the time of the instant offense, the instant offense involved a felony controlled substance offense, and the movant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (PSI ¶20). Specifically, the PSI relied on the movant's 1995 conviction for carrying a concealed firearm, entered

2

in St. Lucie County Circuit Court, case no. 95-1254-CF, and 2002 conviction for sale of cocaine and conspiracy to sell cocaine, entered in St. Lucie County Circuit Court, case no. 99-3645-CR. (PSI ¶20). Pursuant to U.S.S.G. §4B1.1(b), based on his status as a career offender, the movant's statutory maximum for the offense was 40 years, therefore, the base offense level was increased to a level 34. (Id.). Three levels were then reduced based on the movant's timely acceptance of responsibility, resulting in a total adjusted offense level 31. (PSI ¶¶21-23).

The probation officer next determined that the movant had a total of 18 criminal history points, resulting in a criminal history category VI. (PSI ¶¶46-48). However, the criminal history points were of no consequence as a career offender's criminal history category is always set at a category VI pursuant to U.S.S.G. §4B1.1. (PSI ¶48). A total adjusted base offense level 31 and a criminal history category VI, resulted in a guideline range of 188 to 235 months in prison. (PSI ¶83). Statutorily, the movant faced a minimum of 5 and up to 40 years in prison pursuant to 18 U.S.C. §841(b)(1)(B). (PSI ¶82).

The movant filed objections to the PSI (Cr-DE#41), requesting a downward departure on the basis that a criminal history category VI over-represented the nature and scope of the movant's criminal history, and challenging the criminal history points, as well as, his designation as a career offender.

On May 25, 2005, the movant appeared for sentencing. (Cr-DE#51). In pertinent part, defense counsel argued that the prior conviction for carrying a concealed firearm does not qualify as a predicate offense for purposes of determining the movant's status as a career offender. (Id.:4). The court overruled the objection, noting that it was bound by Eleventh Circuit precedent at the time,

3

that precluded relief on the issue. (Id.:5-6)). Thereafter, the court sentenced the movant to a term of 235 months in prison, followed by five years supervised release. (Id.:36; Cr-DE#46).

The movant appealed, raising the sole claim that his classification as a career offender was unlawful, where the prior conviction for carrying a concealed firearm does not constitute a crime of violence for purposes of 18 U.S.C. §3156 and U.S.S.G. §4B1.2. (Cr-DE#11:Ex.10-Movant's Brief on Appeal). On December 23, 2005, the Eleventh Circuit Court of Appeals *per curiam* affirmed the movant's sentence, finding that United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998)[1] remained good law. See United States v. Scott, 163 Fed.Appx. 791 (11th Cir. 2005), reh'g and reh'g en banc denied, United States v. Scott, 179 Fed.Appx. 1 (11th Cir. 2006). Certiorari review was denied on June 26, 2006. Scott v. United States, 548 U.S. 914 (2006). For purposes of the federal, AEDPA one-year limitations period, the movant's conviction became final at the latest on June 26, 2006, when certiorari review was denied by the Supreme Court.[2] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than June 26, 2007. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed on May 26, 2009.[3] (Cv-DE#s1-2).

---

[1] In Gilbert, the Eleventh Circuit held that carrying a concealed firearm is a crime of violence for purposes of the career-offender guideline. See United States v. Adams, 316 FF.3d 1196, 1997 (11th Cir.), cert. den'd, 538 U.S. 1007 (2003); Gilbert, 138 F.3d at 1371.

[2] For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

[3] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

Construing the arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant in essence appears to argue that since the date of the sentencing in his case, the Supreme Court in Begay v. United States, __ U.S. ___, 128 S.Ct. 1581 (April 16, 2008), and thereafter, the Eleventh Circuit in Archer v. United States, 531 U.S. 1347 (11th Cir. 2008), have now clarified that a conviction for carrying a concealed firearm is not a qualifying predicate offense under the Armed Career Criminal Act, 18 U.S.C. §924(e). (Cv-DE#s2,15). The movant argues that the new rule enunciated by the Supreme Court is retroactively applicable to cases on collateral review because the new rule is substantive, rather than procedural. (Id.). Therefore, the movant concludes that, in light of Begay and Archer, he is entitled to resentencing. (Id.).

Additionally, the movant appears to argue that he is entitled to relief pursuant to §2255 on the bases of fundamental error in sentencing him as a career offender, a status of which he is actually innocent, which caused his sentence to exceed the jurisdictional limits of applicable statutory maximum and resulted in a manifest injustice."[4] (Id.).

The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. §2255(a); see also, Hill v.

---

[4] It is true that counsel raised a similar argument at sentencing, but Eleventh Circuit precedent at the time precluded success on the issue when it was raised on appeal. However, there has been an intervening change in the law since the movant's conviction was affirmed on appeal. It is for this reason the movant seeks relief here.

United States, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4th Cir. 1995)(citations omitted).

The government's argument, however, that the movant's claim of error by the court is not of constitutional dimension and is thus not cognizable on collateral review in the absence of a complete miscarriage of justice also fails. As noted infra, the government's reliance on United States v. Hunter, 2009 WL 453464 (11th Cir. 2009) is not persuasive as certiorari review was granted by the Supreme and the judgment vacated in light of the position asserted by the Solicitor General. See Hunter v. United States, 130 S.Ct. 1135 (2010).

Prior Conviction for Carrying a Concealed Firearm

Before analyzing whether movant is precluded from seeking relief under the auspices of §2255 because of untimeliness, the Court will assess whether the prior conviction for carrying a concealed firearm continue to be classified as violent felonies for purposes of the enhancement as a career offender, and if not, whether the declassification should be applied retroactively. The first question involves a determination of whether a newly recognized right has been announced by the Supreme Court, and the second question is, if so, then should it be applied retroactively. While the Supreme Court is the only authority capable of creating a new right, even a district court may determine retroactive applicability. See Dodd v. United States,[5] 365 F.3d 1273, 1280-81

---

[5] In addition to holding that district courts may determine retroactivity, the Eleventh Circuit in Dodd also set forth its reasoning in detail regarding when the statute of limitations begins to run under 28 U.S.C. § 2255(f)(3).

6

(11th Cir. 2004), citing, Garcia v. United States, 278 F.3d 1210, 1213 n. 4 (11th Cir.). cert. den'd, 537 U.S. 895 (2002); see also United States v. Swinton, 333 F.3d 481, 487 (3d Cir.)("We conclude-and the parties agree-that the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions."), cert. den'd, 540 U.S. 977 (2003).

The newly-created right applicable to the movant in this case changes the manner in which his prior convictions, in particular for carrying a concealed firearm, are deemed to be a "violent felony" under the relevant statute.

In Begay, the Supreme Court held that New Mexico's felony DUI offense fell outside the scope of the ACCA's "violent felony" definition. Begay, 128 S.Ct. at 1584-85, 1588. In Begay, the defendant was convicted, like the movant here, of being a felon in possession of a firearm and was sentenced as an armed career criminal under the relevant statute. The Court reasoned that although a DUI involves conduct that could present a serious risk of physical injury to another person, a DUI is too dissimilar from the enumerated examples under §924(e)(2)(B)(ii). Id. at 1584. The type of crime intended to be included as a "violent felony" must be similar "in kind as well as in degree of risk posed" to the crimes of burglary, arson and the other crimes listed. Begay, 128 S.Ct. at 1585. Hence, the Supreme Court concluded that a DUI does not constitute a "violent felony" for purposes of the statute.

Two months after the Supreme Court's decision in Begay, the Eleventh Circuit issued its decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).[6] In Archer, the Eleventh Circuit re-considered whether a prior conviction for carrying a concealed

---

[6] Archer was decided on June 26, 2008.

7

firearm was a "crime of violence" within the meaning of the Sentencing Guidelines' career offender enhancement. Archer, 531 F.3d at 1347. The Guidelines provide for a career offender enhancement where a defendant has at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. Id. at 1349 (citing, U.S.S.G. §4B1.1(a)). Section 4B1.2 defines a "crime of violence" inter alia, as any felony that "is [a] burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The Eleventh Circuit in Archer noted that Begay was "instructive because of the similar definitions of a 'crime of violence' in the Guidelines and of a 'violence felony" in [the] ACCA." Id. at 1350 n.1. Indeed, the Eleventh Circuit stated that it "has repeatedly read the definition of 'violent felony' under §924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of 'crime of violence' under U.S.S.G. §4B1.2." Archer, supra at 1352..

Like the Begay Court, the Archer Court assumed that carrying a concealed firearm presented a serious risk of injury to another. However, in Archer, the Eleventh Court concluded that carrying a concealed firearm does not involve the aggressive, violent conduct that is inherent in the enumerated crimes. Id. at 1351. Rather, the Eleventh Circuit found that carrying a concealed firearm "is a passive crime centering around possession, rather than around any overt action" or "purposeful conduct." Id. at 1351 (emphasis in original). The Eleventh Circuit observed that Begay "set forth a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence,' that Begay was "clearly on point," and that it is "thus bound to follow this new rule of law."[7] Id. at

---

[7] In so holding, the Eleventh Circuit noted that a specific intent to conceal a weapon is not an element of the crime and that the lack of required specific intent makes carrying a concealed weapon more similar to a DUI than to the enumerated crimes under the ACCA. Archer, supra.

1352 (emphasis added).

Accordingly, the Eleventh Circuit held that after <u>Begay</u>, carrying a concealed firearm did not involve a crime of violence within the meaning of the career offender sentencing guidelines. <u>United States v. Archer</u>, 531 F.3d 1347 (11th Cir. 2008). Thus, the movant's prior conviction for carrying a concealed firearm no longer qualify as a crime of violence for purposes of an enhanced sentence as an armed career criminal under §924(e). In light of <u>Begay</u> and <u>Archer</u>, it appears that the movant now only has one prior conviction that qualifies as a predicate offense for purposes of his enhanced sentence as a career offender. Consequently, his enhanced can no longer stand.[8]

### Retroactive Application of New Rule

The fact that the Supreme Court has not held that such a new right should be applied retroactively on collateral review does not prevent this Court from doing so. The decision to apply

---

[8] It should further be noted that this District Court has had occasion to consider the identical issue in <u>Davis v. United States</u>, Case No. 08-61066-Civ-Cohn. There, the district court judge adopted a Report recommending that, in light of <u>Begay</u>, the movant's motion be granted and he be resentenced. The Eleventh Circuit has held that it is not error "for a court to take judicial notice of related proceedings and records in cases before that court." <u>Kinnett Dairies, Inc., v. J. C. Farrow, etc., et al.</u>, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978), <u>citing</u>, <u>State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino and Sons, Inc.</u>, 514 F.2d 700, 704 (5th Cir. 1975). <u>See</u> <u>also</u> <u>Aloe Creme Laboratories v. Francine Co.</u>, 425 F.2d 1295 (5th Cir. 1970) (per curiam)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time." Id. at 1296). <u>See</u> <u>also</u>, <u>Fed.R.Evid.</u> 201(b) which provides that "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the  territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Other district courts to have considered the issue have also concluded that the motion should be granted and the movant resentenced. <u>See</u> <u>United States v. Radabaugh</u>, 2009 WL 565065 *5 (N.D. Ok. 2009); <u>George v. United States</u>, 2009 WL 1370858 (M.D. Fla. 2009). <u>But see</u>, <u>United States v. Narvaez</u>, 2009 WL 1351811 (W.D. Wis. 2009)(holding that <u>Begay</u> is not retroactively applicable to cases on collateral review).

retroactively a newly created right does not lie solely in the hands of the Supreme Court. Dodd, 365 F.3d at 1278 (citing Garcia v. United States, 278 F.2d 1210, 1213 n. 4 (11th Cir. 2003)); Ashley v. United States, 266 F.3d 671 (7th Cir. 2001)(holding that courts of appeals and district courts may decide retroactivity question when determining whether defendant's motion under 28 U.S.C. §2255 is timely). On the contrary, both appellate and district courts may serve as the venue in which such retroactive applications are decided.[9]

Generally, new constitutional rules of criminal procedure created by the Supreme Court may not be applied to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310 (1989). Teague, however, permits an exception, to-wit: application of a new substantive, as opposed to a new procedural, rule of criminal law created by the Supreme Court may be applied retroactively on collateral review. Ross v. United States, 289 F.3d 677, 681 (11th Cir. 2002)(observing that "Teague's bar, however, does not apply when the Supreme Court decides a new substantive rule of criminal law as opposed to a new procedural rule[ ]" and stating that "a new rule is substantive when it interprets 'the meaning of a criminal statute enacted by Congress' so that the conduct for which a defendant was convicted may no longer be illegal.") (quoting Bousley v. United States, 523 U.S. 614, 620 (1998)). Under the reasoning of Ross, therefore, if the new rule announced by the Supreme Court makes conduct for which a defendant was convicted no longer illegal, then the meaning of that statute has been substantively changed. Ross, 289 F.3d at 681.

---

[9]An example of the Eleventh Circuit determining retroactivity is Ross v. United States, 289 F.3d 677 (11th Cir. 2002), cert. denied, 537 U.S. 1113 (2003), in which the Court held that Richardson v. United States, 526 U.S. 813 (1999), should be applied retroactively on collateral review. An example of a district court determining retroactive application is United States v. Glover, 2008 WL 2951085 (N.D.Okla. Jul. 28, 2008).

10

This Court finds, as did the district court in United States v. Glover, 2008 WL 2951085 (N.D.Okla. Jul. 28, 2008), that Begay announced a new substantive rule such that the conduct of carrying a concealed firearm no longer constitutes a prior conviction capable of being used to enhance a sentence under §924(e)(2). See Ross, 289 F.3d at 681; see also, United States v. Blue, 2009 WL 2581284 at *4 (D.Kan. Aug. 20 2009). Such conduct is now categorically outside the reach of the federal statute because the new rule enunciated in Begay "narrow[ed] the scope of [the ACCA] by interpreting its terms." See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004).

Consequently, because the Supreme Court and the Eleventh Circuit have both removed the crime of carrying a concealed firearm from consideration as a "violent felony" warranting enhancement under the statute, the creation of this substantive criminal rule change should apply retroactively to the movant. In light of Begay and Archer, a prior conviction for carrying a concealed firearm no longer qualifies as a predicate offense under the Guidelines or the ACCA. Since the movant here was sentenced as a career offender on his prior felony conviction for carrying a concealed firearm, which now does not qualify as predicate offense, the new substantive rule announced in Begay applies retroactively and warrants that the movant's sentence be vacated.

This position is further warranted in light of Hunter v. United States, 559 F.3d 1188 (11th Cir. 2009), certiorari granted and judgment vacated for reconsideration in light of position asserted by the Solicitor General in Hunter v. United States, ____ U.S. ____, 130 S.Ct. 1135 (Jan. 19, 2010), and Brief for the United States, Hunter v. United States, 2009 WL 4099534 (November 25, 2009), in which they concede that the movant states a debatable due process constitutional claim where he contends that he has been

sentenced to a term of imprisonment that exceeds the maximum term authorized for his offense based on a pure legal error that has been exposed as incorrect by intervening decisions of the United States Supreme Court and Eleventh Circuit Court of Appeals.

Moreover, although the movant's sentence was affirmed on direct appeal based on then controlling precedent, the law has since changed in light of <u>Begay</u> and <u>Archer</u>. An issue decided on direct appeal can be relitigated in a motion to vacate if there has been an intervening change in the law. <u>See generally</u>: <u>Davis v. United States</u>, 417 U.S. 333 (1974). Consequently, retroactive application is warranted for a criminal defendant convicted or sentenced based on a subsequently declared invalid criminal statute. <u>Cf</u>., <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974) (in the context of a petition for relief pursuant to 28 U.S.C. §2255, concluding that if conviction and punishment are for an act not made criminal by the law, "[t]here can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice...." (Internal quotations omitted)).

In <u>Davis v. United States</u>, 417 U.S. 333 (1974), the Supreme Court rejected a too-narrow application of §2255 which would have limited its reach to constitutional claims. No microscopic reading of §2255 can escape either the clear and simple language of §2254 authorizing habeas corpus relief 'on the ground that (the prisoner) is in custody in violation of the ... laws ... of the United States' or the unambiguous legislative history showing that §2255 was intended to mirror §2254 in operative effect. <u>Id</u>. Moreover, the third paragraph of §2255 was not in any fashion designed to mark a retreat from the clear statement that §2255 encompasses a movant's claim of the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. The movant argues that his prison sentence was improperly

12

increased substantially based on his status as a career offender. Even if his theories are more readily considered statutory than constitutional, an allegation of such a significant injury makes it reasonable to consider the claim as addressing a fundamental defect in the sentencing procedure which, movant asserts inherently resulted in a complete miscarriage of justice-- application of the career offender enhancement to one who is not properly considered to be a career offender.

### Timeliness of Motion

Having determined that the both the Supreme Court and the Eleventh Circuit have created a new substantive right in that carrying a concealed firearm is no longer a "violent felony" for purposes of §924(e)(2)(B)(i) or (ii), and that such a new right should be applied retroactively, the Court now turns its analytical focus on whether the motion is time-barred under the provisions of §2255.

The movant asserts that his motion was timely filed within one year from July 2008, when the Begay decision first became accessible in the prison law library. (Cv-DE#15:4). Alternatively, the movant appears to suggest that equitable tolling should apply as a fundamental miscarriage of justice will result if the merits of the motion are not considered. In its response, the government has conceded that this federal petition is timely.[10] (Cv-DE#11:7).

Briefly, the federal statute of limitations begins to run for purposes of filing a motion under §2255(f)(3) when the Supreme Court creates a new right, which in this case is, at the earliest, April 16, 2008, the date Begay was decided. Begay altered the

---

[10] Their argument appears to be incorrect. Regardless, it appears they have waived the timeliness defense.

13

manner in which a "violent felony" was to be determined; or alternatively, at the latest, on June 26, 2008, when the Eleventh Circuit decided United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). It is clear that the movant's motion was filed within one year from Archer, and a little over thirteen months from the Begay decision. However, the movant suggests that equitable tolling should apply as the Begay decision was not available in the prison system until July 2008.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11 Cir. 1999). Based on the movant's arguments, and because the government has conceded this court finds that the movant is entitled to equitable tolling of the limitations period.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC

Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). It is clear that the movant attempted to diligently pursue relief upon learning of the Begay decision.

Alternatively, this court finds that the "actual innocence" doctrine should apply within the context of challenging a predicate offense utilized to classify a defendant as a career offender. See United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (concluding, in light of the reasoning of United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994), that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision.")(and other cases cited); see also Haley v. Cockrell, 306 F.3d 257, 265-66 (5th Cir. 2002) (adopting reasoning of Maybeck and Mikalajunas), vacated and remanded on other grounds, Dretke v. Haley, 541 U.S. 386 (2004).[11]

Under the totality of the circumstances present here, the movant has clearly established that he is entitled to relief under §2255 for numerous reasons, and therefore vacatur of his judgment is warranted and a new sentencing hearing recommended. First, Begay applies retroactively to this case on collateral review such that the movant's prior conviction for carrying a concealed firearm no longer qualify as predicate offense for purposes of establishing his applicable guideline range. Second, the movant's motion is timely and not subject to procedural default because of the "actual innocence" doctrine, as well as, the retroactivity of Begay and

---

[11]Although the Supreme Court's grant of certiorari in this case was designed to resolve the conflict among several circuit courts of appeals with regard to the application of the "actual innocence" doctrine within the context of a noncapital sentence, the Court ultimately determined that there was no need to resolve that issue "[b]ecause the District Court failed to consider alternative grounds for relief urged by respondent, grounds that might obviate any need to reach the actual innocence question[.]" Dretke v. Haley, 541 U.S. 386, 388-89 (2004). Thus, the Court vacated the judgment of the Fifth Circuit Court of Appeals and remanded for further proceedings. 541 U.S. at 396.

15

Archer. Finally, the movant, absent the enhancement, appears to be entitled to relief, and therefore, it would be manifestly unjust to let the now unlawful sentence stand.

## Conclusion

It is therefore recommended that the motion to vacate be granted, the movant's sentences be vacated, and that he be resentenced consistent with the holding of Begay and Archer.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 7th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Tyrone David Scott, Pro Se
     Reg. No. 75032-004
     F.C.C.-Medium
     P.O. Box 5888
     Yazoo City, MS 39194

     Diana M. Acosta, AUSA
     United States Attorney's Office
     505 S. Second Street, Suite 200
     Ft. Pierce, FL 34950